

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXX
WILL WILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Overruled by S-131
in so far as
conflicts

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3792
Re: Is the Stock Transfer Tax,
provided in House Bill 8,
Acts 47th Legislature,
Regular Session, applicable as
a tax on a "transfer" where a
holder of preferred stock
converts the same into common
stock in accordance with his
conversion privilege?

We have received your written request for an opinion from this department. The question you submit for our consideration is:

"Is the Stock Transfer Tax levied under Article 15 of House Bill 8, of the Regular Session of the 47th Legislature applicable to the surrender of preferred stock or the issuance of the same amount of common stock to the same persons, and to the actual issuance of the common stock where the converting of the preferred into common does not increase the capital or surplus of the corporation?"

In considering this opinion, we have not had the benefit of the charter provisions of the corporation inquired about, nor have we been favored with the by-laws of said corporation. However, it will be presumed that its charter and by-laws duly authorized the issuance of the preferred stock and provide that the owner of the certificates of such preferred stock shall have the option to convert the same into an equal amount of common stock, share for share, of said corporation and that the owner of said stock certificates has duly and lawfully exercised the option in the manner required.

The answer to your question depends upon whether the conversion of preferred to common stock, under the circumstances submitted in your request, is a taxable "transfer" under the provisions of Section XV of H.B. 8, Acts 47th Legislature, Regular Session. The pertinent provisions of said act provide:

"There is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stock, or certificates for rights to stock, or certificates of deposit representing certificates made taxable under this Section in any domestic or foreign association, company, or corporation, or certificates of interest in any business conducted by trustees or trustees made after the effective date hereof, whether made upon or shown by the books of the association, company, corporation, or trustee, or by any assignment in blank or by any delivery of any papers or agreements or memorandum or other evidence of sale or transfer or order for or agreement to buy, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder, or with the possession or use thereof for any purpose, or to secure the future payment of money or the future transfer of any such stock or certificate, on each hundred dollars of face value or fraction thereof, three (3) cents, except in cases where the shares or certificates are issued without designated monetary value, in which case the tax shall be at the rate of three (3) cents for each and every share. It shall be the duty of the person or persons making or effectuating the sale or transfer to procure, affix, and cancel the stamps and pay the tax provided by this Article. . . . Where the transaction is effected by the delivery or transfer of a certificate the stamp shall be placed upon the surrendered certificate and cancelled."

While the statutes of this State, neither expressly authorize nor expressly prohibit the issuance of preferred stock, yet such issuance is not prohibited by implication nor is it against public policy. Tweedie Footwear Corporation vs. Fonville, (Civ. App.) 115 S.W. 421, error refused.

In 18 Cor. Jur. Sec., Sec. 234, P. 665, it is said:

"An option may be given to preferred stock holders to exchange their stock for common stock within a certain time and on certain conditions; . . . To effect such an exchange, the option must be exercised; and it must be exercised in compliance with the provisions of the contract. . ."

In this connection also see Fletcher Encyclopedia Corporations, Vol. 6, Sec. 3643.

The Federal Government has enacted a Stock Tax Law, which is similar in many respects to the Texas Stock Transfer Tax Law, especially with reference to the taxability of transfers. The United States Supreme Court in Re Raybestos-Manhattan, Inc. vs. United States, 8 L. Ed 44, 296 U.S. 60, discussed and

defined a "transfer" under said Federal Stock Transfer Tax
Law (Sec. 1802-b, Title 26, U.S.C.A.). The court speaking
through Justice Stone said:

"The Stock Transfer Tax is a revenue measure exclusively.
Its language discloses the general purpose to tax every
transaction whereby right to be or become a shareholder of a
corporation or to receive any certificate of any interest
in its property is surrendered by one vested in another. See
Provost vs. United States; 269 U.S. 443, 70 L. Ed. 352. While
the statute speaks of transfers, it does not require that the
transfer shall be directly from the hand of the transferror to
that of the transferree. It is enough if the right or interest
transferred is, by any form of procedure, relinquished by one
and vested in another. . . .Transfer to the shares is effected
by a form of novation by which the right of the shareholder is
surrendered to the corporation in return for its recognition
of a new shareholder designated by the transferror and the
issue to him of a new certificate of stock. It is relinquish-
ment of the ownership for the benefit of another, and the
resultant acquisition of it by him which calls the statute
into operation."

Pursuant to the Federal Stock Transfer Act, hereinabove
referred to, the United States Treasury Department has pro-
mulgated certain rules and regulations with reference to said
law. Regulation 71, Revised July 1932, Article 30, Subsection
c, under the heading "Sales or Transfers not subject to tax.
(The following are examples of transaction not subject to the
tax)"; provides:

"(c) The surrender of certificates in exchange for other
certificates representing the same or new stock, provided they
are issued to the same holders.

". . . .

"(f) The surrender of stock for extinguishment or in ex-
change for a new certificate to be issued without charge of
legal title."

Whether the stated examples of non-taxable transactions speci-
fically cover the situation under consideration is not clear.
If it could be said that the transaction before us is not
taxable, under the Federal Stock Tax Law, for the reasons here-
inafter discussed, we do not think such a rule is applicable to
the Texas Stock Transfer Tax Law.

The State of New York enacted a Stock Transfer Tax, which is very
similar to the Texas Statute and which we under.stand the Texas

Statute follows, therefore the rulings and constructions placed upon such statute by the New York Tax Commission would be highly persuasive in construing the Texas Law. In Section 4, Article 16 of the Regulations of the New York Tax Commission, it has given, as an example of a nontaxable transaction, the following:

"The surrender of preferred stock certificates in exchange for common stock certificates or visa versa when made neccessary by change in capital structure." (Underscoring ours).

The rule above referred to was amended on July 1, 1939, to include the words "when made necessary by change in capital structure". As we construe the above ruling of the New York Tax Commission, by implication, it would seem that the Tax Commission holds that when a holder of a preferred stock certificate voluntarily surrenders the same to the corporation, in compliance with the conversion privilege, for certificates of common stock, the same is a taxable transaction. Such a transfer is obviously not "made necessary by change in capital structure."

We have checked the Stock Transfer Tax laws, rules and regulations applicable thereto, of the States of Pennsylvania and Massachusetts and have been unable to find where the kind of a transfer inquired about is exempt from the Stock Transfer Tax.

It should be noticed that the Legislature, in the enactment of the Stock Transfer Tax Law, first laid down a broad scope of taxable transactions concerning the sale, gift and transfer of corporate stock. The Legislature then proceeded to make certain exceptions from the scope of said act as well as certain exceptions thereto, none of such exemptions or exceptions being applicable to the situation under consideration. In the absence of any ambiguity in the statute, it must be presumed that the Legislature intended to lay down a broad scope of taxable transactions and then proceeded to make the specific exemptions and exceptions from the operation of the act. This, by implication, would indicate that the Legislature intended to tax every transaction involving transfers of corporate stock unless the same were specifically exempted or excepted by the provisions of the act itself or by some other rule of law.

After carefully considering the facts submitted by you and applying the Texas Stock Transfer Tax Law thereto, we believe that the transaction submitted involves a taxable transfer within the contemplation and meaning of House Bill No. 8, Article 15, Acts of the 47th Legislature, Regular Session,

Honorable George H. Sheppard, page 5, O-3792


1941.  The stamp, evidencing the tax, should be placed upon
the surrendered preferred stock certificate.  We trust that
in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Harold McCracken

By

Harold McCracken
Assistant

APPROVED OCTOBER 31, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED: Opinion Committee
By BWB, Chairman

HM:eah/lc